IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------X
HANGANG GLOBAL SHIPPING CO., LTD.,

        Plaintiff,

        v.                                 Civil Action No.

DELTA CORP SHIPPING PTE LTD,

        Defendant,

    and

VALLEY NATIONAL BANK,

        Garnishee.
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff Hangang Global Shipping Co., Ltd ("Hangang" or the "Plaintiff"), by and through its undersigned attorneys, respectfully submits this *Verified Complaint* against defendant Delta Corp Shipping Pte Ltd ("Delta Corp" or the "Defendant"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a claim within this Honorable Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333.

2. The claims herein are brought pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Rule B").

3. This is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, the Defendant's property is now or soon will be located within this District.

**THE PARTIES**

5. Plaintiff Hangang is a corporation organized and existing pursuant to the laws of Korea with a principal place of business located at RM 302 Hangang Safevill, 43-15, Mugunghwa-Ro, Ilsandong-Gu, Goyang-Si, Gyeonggi-Do, 10364, Korea, and at all times relevant hereto was the Owner of M/V MAPLE MARINA (the "Vessel").

6. Defendant Delta Corp is a corporation organized and existing pursuant to the laws of Singapore with a principal place of business located at 22 Malacca Street, #04-03 RB Capital Tower, Singapore, and at all times relevant hereto was the Charterer of the Vessel.

7. Upon information and belief, garnishee Valley National Bank (the "Garnishee") is a corporation organized and existing pursuant to the laws of New Jersey with a principal place of business located at 1455 Valley Road, Wayne, New jersey 07470, and has or soon will have in its possession and control property of defendant Delta Corp.

**THE FACTS**

8. Plaintiff Hangang, as Owner of the Vessel, and defendant Delta Corp, as Charterer of the Vessel, entered into a time charter party agreement (*i.e.*, a maritime contract) on a New York Produce Exchange form with rider clauses and dated January 29, 2024 (the "charter party").

9. Pursuant to the charter party, Delta Corp hired the Vessel for a period of time.

10. Pursuant to clauses 4, 5, and 49 of the charter party, Delta Corp was obligated to pay Hangang USD 8,000 per day for the use of the vessel and to pay for the vessel's fuel (or "bunkers"), every 15 days, in advance.

11. Pursuant to the charter party, Delta Corp was also obligated to pay other charges and commissions.

12. On or about January 30, 2024, Hangang delivered the Vessel to Delta Corp at Bangladesh.

13. Delta Corp made the first hire payment due under the charter party on or about February 8, 2024 and made subsequent other hire payments.

14. On at least one occasion, Delta Corp's hire payment was made in two parts totaling in the amount of USD 178,096.43 from the account of Delta Corp at Valley National Bank and at the direction of Delta Corp Logistics USA LLC.

15. Despite due demand, Delta Corp failed to pay the balance due and owing as set forth in the Final Hire Statement, dated August 27, 2024.

16. As a consequence of Delta Corp's breach of the charter party by failing to pay hire, Hangang has suffered at least USD 150,279.44 in damages, which continues to accrue.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF MARITIME CONTRACT

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-19 above.

18. The charter party is a maritime contract.

19. By failing to pay charter hire, Delta Corp breached a maritime contract.

20. As a consequence of Delta Corp's breach, Hangang has suffered at least USD 150,279.44 in damages which continues to accrue.

## AS AND FOR A SECOND CAUSE OF ACTION FOR RULE B MARITIME ATTACHMENT

21. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-23 above.

22. The requirements of Rule B are met.

23. First, Plaintiff has a valid maritime claim—*i.e.*, breach of a maritime contract—against the Defendant.

24. Second, Rule B authorizes a maritime claimant to attach a defendant's property within a district if the defendant cannot be found within the district.

25. Here, defendant Delta Corp cannot be found within this district. (*See Attorney's Declaration that Defendants Cannot be Found Within the District*, filed contemporaneously herewith).

26. Third, upon and information and belief, defendant Delta Corp has or soon will have during the pendency of this action property located within this District.

27. More particularly, upon information and belief, funds in the possession and control of Valley National Bank, the Garnishee.

28. Fourth, there is no statutory bar to recovery.

29. Accordingly, Plaintiff seeks jurisdiction over defendant Delta Corp through attachment of its property.

30. Pursuant to Rule B, Plaintiff respectfully requests that this Honorable Court issue an order and a writ of garnishment, and enter judgment against the Defendant.

**WHEREFORE**, Plaintiff respectfully prays:

A.      That this Honorable Court issue an order directing the clerk to issue a writ of maritime attachment and garnishment of the Defendant's assets within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

B.      That any security thereafter fixed by this Honorable Court be conditioned for the maximum amount permitted by Rule E(5), which permits up to twice the amount of Plaintiff's claim;

C.      That this Honorable Court issue judgment against the Defendants in an amount in excess of USD 150,279.44 plus interest, fees, and costs; and

D.      That this Honorable Court grant such other and further relief as it deems just and proper.

Dated: December 12, 2024
       New York, New York

Respectfully submitted:

*/s/ Timothy Semenoro*
Timothy Semenoro
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, NY 10022
Telephone:   (212) 867-9500
Emails:       tsemenoro@mmwr.com

*Attorneys for Plaintiff*