IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

HANGANG GLOBAL SHIPPING CO., LTD.,

    Plaintiff,

v.            Civil Action No.

DELTA CORP SHIPPING PTE LTD,

    Defendant,

and

VALLEY NATIONAL BANK,

    Garnishee.

-----------------------------------------------------------X

## *EX PARTE* MOTION FOR (i) AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, (ii) LEAVE TO DEEM SERVICE CONTINUOUS, (iii) LEAVE TO SERVE LATER IDENTIFIED GARNISHEES

COMES NOW Plaintiff Hangang Global Shipping Co., Ltd. ("Hangang" or the "Plaintiff") and files this *Ex Parte Motion for (i) an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment, (ii) Leave to Deem Service Continuous, and (iii) Leave to Serve Later Identified Garnishees* pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule B"), and would respectfully show the Court as follows:

### FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME WRIT OF ATTACHMENT AND GARNSHIMENT

1. On December 13, 2024, plaintiff Hangang filed a *Verified Complaint* against defendant Delta Corp Shipping Pte Ltd ("Delta Corp" or the "Defendant") pursuant to Rule B setting forth its claim for security and damages, together with interest, costs, and reasonable

attorney's fees. The *Verified Complaint* also names garnishees, including but not limited to, Valley National Bank (the "Garnishee"), as garnishees of property, goods, chattels, credits, and/or effects, including certain funds which, upon information and belief, belongs to Delta Corp. Upon information and belief, this property is presently in this District and under the care, custody and control of garnishees, including but not limited to Valley National Bank. The allegations contained in the *Verified Complaint* are incorporated herein by reference.

2. Rules B permits a court to issue an order of maritime attachment and garnishment if a plaintiff satisfies the requirements of Rule B by showing that: "(1) the plaintiff has an *in personam* claim against the defendant; (2) the defendant cannot be found within the district where the action is commenced; (3) property belonging to the defendant is present within the district; and (4) there is no statutory or general maritime law proscription to the attachment." *Hay Tug & Launch Services, Inc. v. Draw Events, LLC,* 364 F.Supp.3d 365, 369 (D.N.J. 2019) (citing *Western Bulk Carriers, Pty, Ltd. v. P.S. Internat'l, Ltd.,* 762 F.Supp. 1302, 1306 (S.D. Ohio 1991); *see also, Bunge, S.A. v. ADM International SARL,* 2023 WL 3773670 at *2 (3rd Cir. Jan. 23, 2023).

3. In the instant matter, Hangang submits that the requirements of Rule B are met, and respectfully asks the Court for an order issuing a writ of maritime attachment and garnishment for Delta Corp's property that is presently, or soon to be, located within this District, and, in particular, any cash or credits belonging to Delta Corp. As set forth in the *Verified Complaint*, Hangang has a *prima facie* admiralty claim against Delta Corp because Delta Corp breached a maritime contract by failing to pay charter hire due for the use of a vessel.

4. Further, Delta Corp cannot be found within this District for the purposes of Rule B. This is demonstrated by the *Verified Complaint* and the attendant *Attorney's Declaration that Defendant Cannot be Found within the District*, attached thereto and filed contemporaneously

herewith pursuant to Rule B, which state, in pertinent part, that Hangang is informed and believes that Delta Corp cannot be found within this District.

5. Furthermore, Hangang is informed and believes that Delta Corp has, or will have during the pendency of this action, tangible property within this District. Specifically, there are in the District, or are soon to be, cash or credits of Delta Corp. This property is properly amenable to attachment and garnishment pursuant to Rule B. Upon information and belief, garnishees, including but not limited to Valley National Bank may have property and funds belonging to Delta Corp in its care, custody, and control.

6. Finally, there is no statutory or general maritime law bar that prevents attachment.

## MOTION FOR LEAVE TO DEEM SERVICE CONTINUOUS

7. To avoid the need to repetitively serve any garnishees, Hangang respectfully seeks further leave of Court, as set out in the accompanying *Ex Parte Order for Process of Maritime Attachment*, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and to authorize service of process via facsimile or email following initial *in personam* service.

## MOTION FOR LEAVE TO SERVE LATER IDENTIFIED GARNISHEES

8. Hangang also respectfully moves the Court for an order granting it leave to serve any additional garnishee(s) who, upon information and belief, may obtain during the course of this litigation, are holding, or are believed to be holding, property of Delta Corp and within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the *Process of Maritime Attachment and Garnishment* without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hangang prays this Honorable Court enter an Order:

A. Authorizing the issuance of *Process of Maritime Attachment and Garnishment* directing the United States Marshal for the District of Delaware, or anyone otherwise specially appointed by this Court, to attach the property, goods, chattels, credits and/or effects of Delta Corp located within this District, including any cash or credits that are within the District;

B. Deeming any process served on a garnishee to be effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and authorizing service of process via facsimile or email following initial in personam service;

C. Granting Hangang leave to serve any additional garnishee(s) who, upon information and belief, may obtain during the course of this litigation, are holding, or are believed to be holding, property of Delta Corp within this District;

D. Authorizing Hangang to release or instruct the Marshal to release any property subject to attachment without further leave of Court

E. Granting Hangang such other and further relief as may be just, equitable, and proper.

Dated: December 12, 2024
       New York, New York

                        Respectfully submitted:

                        */s/ Timothy Semenoro*
                        Timothy Semenoro
                        MONTGOMERY MCCRACKEN
                        WALKER & RHOADS LLP
                        437 Madison Avenue
                        New York, NY 10022
                        Telephone:   (212) 867-9500
                        Emails:      tsemenoro@mmwr.com

                        *Attorneys for Plaintiff*